THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JASON STOCKLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:18-cv-00873- CAS |
| vs. ) | |
| ) | |
| JENNIFER JOYCE, ET AL. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**SUGGESTIONS IN SUPPORT OF MOTION TO DISQUALIFY DAVID LUCE,
JASON TURK, AND BLITZ, BARDGETT & DEUTSCH, L.C.,
<u>AS COUNSEL FOR JENNIFER JOYCE IN HER OFFICIAL CAPACITY</u>**

COMES NOW Defendant City of St. Louis ("Defendant") and in support of its Motion to Disqualify David Luce, Jason Turk, and Blitz, Bardgett & Deutsch, L.C., as counsel for Jennifer Joyce in her official capacity states as follows:

**INTRODUCTION**

The caption of Plaintiff's First Amended Complaint ("Complaint") in this case shows that Plaintiff Jason Stockley has filed suit against the following defendants: 1) Jennifer Marie Joyce, "in her [sic] the City of St. Louis, Missouri, and individually …" 2) Kirk Deeken individually, 3) "Kirk Deeken in his capacity as an officer of the St. Louis Police Department . . ." and 4) the City of St. Louis, Missouri.  Doc. 15, p. 1.  Plaintiff's Complaint further states that Count III is brought against "Defendant Jennifer Joyce Individually and in her capacity as former Circuit Attorney for the City of St. Louis." *Id*. at p. 36.

Attorneys David Luce and Jason Turk of Blitz, Bardgett & Deutsch, L.C., have entered their appearance on behalf of Jennifer Joyce individually, and the undersigned

1

associate city counselors have entered their appearances on behalf of Kirk Deeken individually and on behalf of the City St. Louis, pled as Kirk Deeken in his official capacity.  Mr. Luce, Mr. Turk and the undersigned have entered their appearances on behalf of Joyce in her official capacity.

Undoubtedly the Court is far more familiar with the problem of too few attorneys appearing on behalf of parties rather too many.  Ambiguities in the state of the law on official capacity damage suits and of Plaintiff's pleading together leave it somewhat unclear as to the identity of the real defendant against whom Plaintiff has brought his official capacity claim against Jennifer Joyce "in her capacity as former Circuit Attorney for the City of St. Louis."  Therefore the identity of the party entitled to retain counsel for Jennifer Joyce in her official capacity is unclear.

Plaintiff's pleadings indicate that Plaintiff seeks to impose liability on the City of St. Louis, rather than upon the "Office of the Circuit Attorney," which is, literally, a non-entity.  See Complaint, ¶ 99 (asserting that "Ms. Joyce had final policymaking authority for the City of St. Louis . . .")  Given that, the City asserts its right to choose its counsel.  The City chooses to have the City Counselor as counsel, and for that reason respectfully requests that the Court enter an order disqualifying Mr. Luce and Mr. Turk from representing Jennifer Joyce in her official capacity.

## ARGUMENT

"A core tenant of 42 U.S.C. §1983 jurisprudence is that an official-capacity suit against an individual is really a suit against that official's government entity." *Banks v. Slay*, 875 F.3d 876, 878 (8th Cir. 2017).  It is a suit against a governmental entity in all respects other than name.  *Id*. at 881.  Thus it is clear that when Mr. Stockley named Lt.

2

Deeken as a defendant in his official capacity this was simply a way of pleading a claim against the City of St. Louis, Lt. Deeken's employer.  And since the suit against Deeken in his official capacity is a suit against the City of St. Louis, and not Deeken, it is the City that chooses its counsel, not Mr. Deeken.  As provided in Article X, Section 2 of the City's Charter, the City's counsel is the City's City Counselor.

The matter is more complex with respect to Jennifer Joyce.  The circuit attorney is a "county" official in Missouri law.  See *State ex rel. Harvey v. Sheehan*, 269 Mo. 421, 428 (Mo. 1916) (stating that "[t]he circuit attorney in the city of St. Louis performs the same functions as prosecuting attorneys in the counties . . . [f]or general purposes he is to the city of St. Louis what the prosecuting attorney is to a county.")  The City of St. Louis is recognized by the Missouri Constitution as a county as well as a city.  See Article VI, Section 31 of the Constitution of Missouri.  So it is possible that the City of St. Louis is Jennifer Joyce's government entity, and the City of St. Louis will be liable out of its assets for any judgment that might be entered against Jennifer Joyce in her official capacity.  If that is the case, the City of St. Louis is entitled to choose counsel to represent Jennifer Joyce in her official capacity.  Another possibility is that Jennifer Joyce's government entity is something that might be called the "Office of the Circuit Attorney." In that case, and movant believes that is Mr. Luce's theory, the "Office of the Circuit Attorney" would be liable out of whatever assets it might possess for any judgment that would be rendered against that that office, and the City of St. Louis would not.  And it would follow that the current circuit attorney (Kimberly Gardner) would choose counsel to represent the office.  These are difficult issues that may have to be decided in this litigation, but they need not be decided now.  What must be decided now is whom

3

plaintiff, the master of his suit, has, rightly or wrongly, chosen to bring his claim against by naming Jennifer Joyce in her official capacity.

Plaintiff's Complaint clearly names the City of St. Louis as a defendant in this lawsuit. It is evident, however, that Plaintiff also intends to sue Joyce in "in her capacity as former Circuit Attorney of the City of St. Louis." Doc. 15, p. 36. In fact, counsel for Plaintiff confirmed via email on August 1, 2018 that Plaintiff is indeed asserting claims against Ms. Joyce in her official capacity in addition to asserting claims against the City of St. Louis. See Ex. A.

It is also tolerably clear that Plaintiff's claims in Counts I, II and III directed against Joyce in her official capacity are in fact claims directed at the City of St. Louis. In paragraph 14 of his Complaint he alleges that Jennifer Joyce is the "chief prosecutor for the City of St. Louis...." Doc. 15. In paragraph 99 he alleges that as "Circuit Attorney, Ms. Joyce had final policymaking authority for the City of St. Louis . . . " *Id*. In paragraph 100 he alleges that the "City of St. Louis, through Joyce, adopted, implemented, carried out, and tolerated..." all sorts of misdeeds. *Id*. In paragraph 101 he alleges that the "City of St. Louis, through Joyce, is accountable under §1983...." *Id*. In paragraph 103 it is alleged that there "was during 2016 a policy, practice, and custom of the City of St. Louis and its Circuit Attorney, implemented and approved of by Ms. Joyce...." *Id*. In paragraph 104 he characterizes Jennifer Joyce "as the final policymaker for the City of St. Louis." *Id*. Cumulatively, these allegations strongly suggest that Plaintiff seeks to impose liability only upon on the City of St. Louis, not upon the so-called "Office of the Circuit Attorney." *Id*. And thus it is the City's right to choose

4

counsel for Ms. Joyce in her official capacity, not that of the Circuit Attorney. *Id*. And the City's choice is its City Counselor, not Mr. Luce and his co-counsel. *Id*.

As will be discussed in further briefing, should this Court construe Plaintiff's claims against Joyce in her official capacity as claims directed against the government entity "the City of St. Louis," rather than the "Office of the Circuit Attorney," Counts I-II as directed at directed at Joyce in her official capacity should be dismissed as redundant of a claim asserted against the City. See *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (stating that it is proper for a court to dismiss a claim against a government officer in his official capacity if it is redundant of a claim asserted against the governmental entity). Moreover, should this Court construe the claims directed against Joyce in her official capacity to be claims directed against the City of St. Louis, Count III should also be dismissed because the doctrine of sovereign immunity bars Plaintiff's defamation claim against the City.

In conclusion, movant asks the Court disqualify David Luce and co-counsel as counsel for Jennifer Joyce in her official capacity, and recognize the undersigned as counsel for the City of St. Louis, pled as Jennifer Joyce in her official capacity. Defendant of course has no objection to Mr. Luce, Mr. Turk and Blitz, Bardgett & Deutsch, L.C., remaining as counsel for Jennifer Joyce in her individual capacity.

## **CONCLUSION**

For the foregoing reasons, Defendant City of St. Louis respectfully requests that this Court enter an order disqualifying David Luce, Jason Turk, and Blitz, Bardgett & Deutsch, L.C., from representing Jennifer Joyce in her official capacity.

Respectfully Submitted,

JULIAN BUSH,
CITY COUNSELOR

By: /s/ Erin K. McGowan
    Erin K. McGowan #64020MO
    Andrew Wheaton #65269MO
    Associate City Counselors
    City Hall, Room 314
    St. Louis, MO  63103
    314.622.3361
    FAX: 314.622.4956
    *Attorney for Defendants Kirk Deeken
    and the City of St. Louis*

**Certificate of Service**

I hereby certify that on August 16, 2018 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Erin K. McGowan