UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON STOCKLEY, | ) |
| Plaintiff, | ) No. 4:18-cv-00873-CAS |
| vs. | ) |
| JENNIFER JOYCE, ET AL., | ) |
| Defendants. | ) |

**DEFENDANT KIRK DEEKEN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant Kirk Deeken ("Deeken"), by and through his attorney Julian Bush, City Counselor for the City of St. Louis, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Plaintiff's Complaint") states as follows:

**INTRODUCTION**

On December 20, 2011, during the pursuit of Anthony Lamar Smith, former police officer Jason Stockley ("Plaintiff") said he was "going to kill this motherfucker, don't you know it." (Doc. 15-1, p.3). Minutes later, Plaintiff approached Smith's car, shot him five times, and killed him. *Id*. A gun recovered from Smith's car had Plaintiff's DNA on it, but not Smith's. *Id*. A criminal complaint against Plaintiff was filed by the Circuit Attorney of the City of St. Louis and sworn before the honorable Judge Michael Mullen, who found probable cause that Plaintiff murdered Smith. (Pl.'s Compl. ¶ 25). A grand jury later made the same determination. *Id*. at ¶ 30. Following a bench trial, the court found that the State had not proven its case beyond a reasonable doubt. *Id*. at ¶ 119.

1

Now, Plaintiff has filed his four-count Complaint against Deeken, former Circuit Attorney Jennifer Joyce ("Joyce"), and the City of St. Louis ("City"), also pled as Joyce in her official capacity and Deeken in his official capacity. Plaintiff asserts an unspecified § 1983 claim against all defendants (Count I), a putative claim for municipal liability against City and Joyce (Count II), a state law defamation claim against Joyce (Count III), and a state law malicious prosecution claim against Deeken (Count IV). Plaintiff's claims against Deeken should be dismissed for the following reasons: *First*, Count I, for "Violation of 42 U.S.C. § 1983," fails to state a claim upon which relief may be granted; *Second*, Deeken is entitled to absolute immunity from § 1983 liability based on his grand jury testimony; *Third*, Deeken is entitled to qualified immunity from § 1983 liability based on his probable cause statement; and *Fourth*, Plaintiff's state law malicious prosecution count is barred by official immunity and otherwise fails to state a claim upon which relief may be granted.

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d. 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While detailed factual allegations are not required, neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim under § 1983, "a plaintiff

2

must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

### I. PLAINTIFF'S CLAIM FOR "VIOLATION OF 42 U.S.C. § 1983" (COUNT I) FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Count I must be dismissed because it fails to plausibly allege that Deeken caused Plaintiff to be deprived of a right or privilege secured by the Constitution. Tellingly, Count I is vaguely titled "violation of 42 U.S.C. § 1983." However, § 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 (1979)). § 1983 cannot be "violated," and the title of Count I foreshadows its substantive failure to state a claim upon which relief may be granted.

Plaintiff complains that Deeken's probable cause statement was "false and misleading." (Pl.'s Compl. ¶ 86). However, the Eighth Circuit has repeatedly held that allegations of malicious prosecution against officers premised upon a lack of probable cause cannot alone sustain a civil rights claim under § 1983. *Joseph v. Allen*, 712 F.3d 1222, 1228 (8th Cir. 2013) (citing *Kurtz v. Shrewsbury*, 245 F.3d 753 (8th Cir. 2001)). Neither is defamation actionable under § 1983. See e.g. *Paul v. Davis*, 424 U.S. 693, 702, 712 (1976) (holding that the weight of its decisions "establishes no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment" and finding that plaintiff's alleged defamation did not state a claim under §1983 because it did not involve the denial of any right protected under the Fourteenth Amendment).

Here, the nearest Plaintiff comes to identifying a violated constitutional right is his conclusory allegation that he "was deprived of his right to due process and fair treatment by

police and prosecuting authorities in violation of his right to due process under U.S. Const. amend. XIV." (Pl.'s Compl. ¶ 95). It is not clear whether Plaintiff asserts he was deprived of procedural due process or substantive due process. Either way, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

    A.    **PLAINTIFF FAILS TO STATE A § 1983 PROCEDURAL DUE PROCESS CLAIM.**

As set forth above, malicious prosecution can form the basis for a § 1983 action only if the defendants' conduct also infringes some provision of the Constitution or federal law. *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990). However, the Constitution does not guarantee that criminal charges will be filed only against the guilty. *Id.* (citing *Baker v. McCollan*, 443 U.S. 137, 145 (1979)). Rather, procedural due process mandates procedures designed to protect criminal defendants. *Id.*

Here, Plaintiff was not deprived of procedural due process. A complaint against Plaintiff was sworn before the honorable Judge Michael Mullen, who found probable cause. (Pl.'s Compl. ¶ 25). That finding was later confirmed by a grand jury indictment. (Pl.'s Compl. ¶ 30). There is no factual allegation in Plaintiff's Complaint to support an inference that Plaintiff was accorded less process than he was due under the Constitution. Plaintiff's Complaint therefore fails to state a § 1983 procedural due process claim.

    B.    **PLAINTIFF FAILS TO STATE A § 1983 SUBSTANTIVE DUE PROCESS CLAIM.**

The Supreme Court has held that a prosecution without probable cause *does not* give rise to a substantive due process claim. *Albright v. Oliver*, 510 U.S. 266 (1994). The Eighth Circuit has since distinguished *Albright* and held that an exception to this general rule exists where officers go beyond mere prosecution without probable cause and *fabricate* evidence in order to

4

"falsely formulate a pretense of probable cause." *Moran v. Clarke*, 296 F.3d 638, 647 (8th Cir. 2002). To state a substantive due process claim, Plaintiff must allege facts which support an inference "of a purposeful police conspiracy to manufacture, and the manufacture of, false evidence." *White v. Smith*, 696 F.3d 740, 754 (8th Cir. 2012)(quoting *Moran*, 296 F.3d at 647).

Here, there is no meaningful allegation that Deeken manufactured or fabricated evidence. Instead, Plaintiff complains that Deeken's probable cause statement contained "false and intentionally misleading information" and "withheld information inconsistent with probable cause findings." (Pl.'s Compl. ¶ 94). However, the only fact contained in Deeken's probable cause statement that Plaintiff asserts was false is his attestation that Smith's "car was slowing down" prior to Stockley instructing Officer Brian Bianchi to strike it with the police car. (Pl.'s Amended Compl. ¶¶ 12, 27). This fact is absolutely immaterial to the question of whether Plaintiff murdered Smith, and certainly has no bearing on whether there was probable cause to arrest Plaintiff on that charge. Regardless, an inaccurate immaterial fact in a probable cause statement does not amount to the manufacture or fabrication of evidence, nor does it "shock the conscience" as required to state a substantive due process claim. *Akins v. Epperly*, 588 F.3d 1178, 1183 (8th Cir. 2009). In essence, Plaintiff alleges Deeken failed to include facts which Plaintiff asserts were helpful to his defense, but there is no requirement that Deeken do so. In short, Plaintiff's allegation are insufficient to state a § 1983 substantive due process claim and any such claim must be dismissed.

II. **DEEKEN IS ENTITLED TO ABSOLUTE IMMUNITY FROM § 1983 LIABILITY BASED ON HIS GRAND JURY TESTIMONY.**

Plaintiff alleges Deeken made various misrepresentations to the grand jury, including that Plaintiff fired a separate and premeditated kill shot, wrote his partner's homicide memorandum, and lied in his homicide memorandum. (Pl.'s Compl. ¶¶ 30-61). The Supreme Court has plainly

5

held that witnesses are absolutely immune for damages liability based on their testimony. *Briscoe v. Lahue*, 460 U.S. 325, 326 (1983). This absolute immunity extends to knowingly false testimony by police officers. *Id*. at 335.

In *Briscoe*, the Supreme Court considered whether § 1983 authorizes a claim for damages against a police officer for giving perjured testimony at a plaintiff's criminal trial. *Id*. at 326. The Court held that witnesses, including police officers, are absolutely immune from damages liability based on their testimony. *Id*. at 326. The Court reasoned that without absolute immunity, the truth seeking process at trial would be impaired because witnesses might be reluctant to testify or might be inclined to shade testimony in favor of the potential plaintiff for fear of subsequent liability. *Id*. at 333. With regard to police officers, the Court held that damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other duties. *Id*. at 343.

In *Rehburg v. Paulk*, the Supreme Court made clear that a witness in a grand jury proceeding is entitled to the same absolute immunity under § 1983 as a witness who testifies at trial. 566 U.S. 356, 359 (2012). The Court held that "[t]he factors that justify absolute immunity for trial witnesses apply with equal force to grand jury witnesses." *Id*. at 367. The Court went further, holding that the "[absolute immunity] rule may not be circumvented by claiming that a grand jury witness conspired to present false testimony *or by using evidence of the witness' testimony to support any other §1983 claim concerning the initiation or maintenance of a prosecution*." *Id.* at 369 (emphasis added). The absolute immunity rule cannot "be so easily frustrated." *Id*.

Plaintiff appears to concede that Deeken is absolutely immune from § 1983 liability based on his grand jury testimony where he alleges Deeken is "absolutely immune from civil

6

liability for certain actions and omissions attributed to [him] in this Complaint." (Pl.'s Compl. ¶ 87). Plaintiff goes on to concede "[t]hat absolute immunity protects [Deeken] even though [he] engaged in the conduct alleged maliciously, dishonestly, and with no legal or justifiable purpose." *Id*. Given this concession, it is unclear why Plaintiff devotes more than ten pages of his Complaint to detailed allegations regarding Deeken's grand jury testimony. (Pl.'s Compl. pp. 13-24).[1] To the extent Plaintiff's allegations regarding Deeken's grand jury testimony are intended to support any §1983 claim against Deeken, they cannot as a matter of law. *Rehberg*, 566 U.S. at 369 (2012) (absolute immunity may not be circumvented by using evidence of grand jury testimony to support *any* §1983 claim concerning the initiation or maintenance of a prosecution). Count I therefore fails as a matter of law and must be dismissed.

**III.    DEEKEN IS ENTITLED TO QUALIFIED IMMUNITY FROM § 1983 LIABILITY BASED ON HIS PROBABLE CAUSE STATEMENT.**

As set forth in Section II above, Deeken is entitled to absolute immunity from § 1983 liability based on his grand jury testimony. The only other allegations in Plaintiff's Complaint involving Deeken pertain to his attestation to a probable cause statement, which Plaintiff alleges included "false and intentionally misleading information" and "withheld information inconsistent with probable cause findings." (Pl.'s Compl. ¶ 94).  Because Deeken's probable cause statement absolutely established sufficient indicia of probable cause for an arrest warrant to issue, Deeken is entitled to qualified immunity from any § 1983 liability based on his probable cause statement.

In *Kiesling v. Holladay*, the Eighth Circuit recently made clear that, when a seizure is conducted pursuant to a duly issued warrant, the applying officer is entitled to qualified immunity unless it was "entirely unreasonable" for the officer to *believe* that the warrant

---

[1] Plaintiff's explanation is that he "alleges those absolutely immune actions and omissions in order to show the intent and consequences of conduct and omissions for which Ms. Joyce and Lt. Deeken do not enjoy absolute immunity and can be held liable under both federal and state law." (Pl.'s Compl. ¶ 87).

7

application established probable cause. 859 F.3d 529, 534 (8th Cir. 2017) (citing *Messerschmidt v. Millender*, 565 U.S. 535, 556 (2012)). The Eight Circuit was guided by the Supreme Court's controlling decision in *Messerschmidt*, where the Court recognized that a warrant generally confers a "shield of immunity" to officers acting within the scope of its authority. *Id.* at 533 (citing *Messerschmidt*, 565 U.S. at 546-48, 556). This is because "the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner." *Id.* at 546. The only exception to this general rule of qualified immunity is "where the warrant was 'based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Id.* at 533 (citing *Messerschmidt*, 565 U.S. at 547 (quoting *U.S. v. Leon*, 468 U.S. 897, 923 (1984)). The threshold for establishing this exception is a high one, and the Supreme Court correctly predicted that "[t]he occasions on which this standard will be met may be rare." *Id.* at 533 (citing *Messerschmidt*, 565 U.S. at 556).

Here, the Honorable Judge Michael Mullen considered the Circuit Attorney's complaint, including Deeken's probable cause statement, and issued a warrant for Plaintiff's arrest. (Pl.'s Compl. ¶ 25). The probable cause statement attests that, during the pursuit of Anthony Lamar Smith, Plaintiff said "going to kill this motherfucker, don't you know it." (Doc. 15-1, p.3).[2] Plaintiff then approached Smith's car, shot him five times, and killed him. *Id*. A gun recovered from Smith's car had Plaintiff's DNA on it, but not Smith's. *Id*. It was absolutely reasonable for Deeken to believe that this probable cause statement established probable cause, because it did. Probable cause exists when the circumstances "are sufficient to lead a reasonable person to believe that the defendant has committed… an offense." *Borgman v. Kedley*, 646 F.3d 518, 522-23 (8th Cir. 2011) (quoting *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 (8th Cir. 2010)).

---

[2] The probable cause statement is attached as an exhibit to Plaintiff's Complaint and is part of Plaintiff's pleading for all purposes, including the consideration of a a Rule 12(b)(6) motion to dismiss. Fed. R. Civ. P 10(c); *Kiesling*, 859 F.3d at 533.

8

Plaintiff said he was going to kill Smith and minutes later he did. That alone was probable cause to arrest Plaintiff. Notwithstanding that there was probable cause to arrest Plaintiff, It was absolutely reasonable for Deeken to *believe* that his statement established probable cause, and he is therefore entitled to qualified immunity from any § 1983 liability based on his probable cause statement. Count I, which relies almost exclusively on Deeken's probable cause statement, therefore fails as a matter of law and must be dismissed.

### IV. THIS COURT SHOULD DISMISS PLAINTIFF'S MALICIOUS PROSECUTION STATE LAW CLAIM BECAUSE DEEKEN IS PROTECTED BY OFFICIAL IMMUNITY AND PLAINTIFF HAS NOT ADEQUATELY PLED THE ELEMENTS OF A MALICIOUS PROSECUTION CLAIM.

Plaintiff's Count VI purports to state a claim for malicious prosecution against Deeken in his individual capacity. For the following reasons, this Court should dismiss Count IV because Plaintiff has failed to state a claim and Deeken is protected by official immunity.

Here, Plaintiff fails to adequately plead facts supporting the six elements necessary to state a claim for malicious prosecution. A person suing on a theory of malicious prosecution must plead and prove the following elements: (1) the commencement of a prosecution against the plaintiff; (2) the instigation by the defendant; (3) the termination of the proceeding in favor of the plaintiff; (4) the want of probable cause for the prosecution; (5) the defendant's conduct was actuated by malice; and (6) the plaintiff was damaged. *Joseph v. Allen*, 2012 U.S. Dist. LEXIS 67761 at *19 (E.D. Mo. May 15, 2012) citing *Sanders v. Daniel International Corp.*, 682 S.W.2d 803, 807 (Mo. 1984)(citing S. Greenleaf, II Greenleaf on Evidence §§ 449-59 (2nd ed. 1844)).

Missouri favors a public policy that encourages citizen involvement and cooperation in the reporting and prosecution of crime. *Sanders*, 682 S.W.2d at 806. "Inasmuch as malicious prosecution actions tend to dilute that public policy, courts require strict proof of each element of the tort." *Cassady v. Dillard Dep't Stores*, 167 F.3d 1215, 1219 (8th Cir. 1999) citing *Sanders*,

9

682 S.W.2d at 806 (internal quotations omitted). See also *Edwards v. Gerstein*, 237 S.W.3d 580, 583 (Mo. banc 2007)(citations omitted) ("Because malicious prosecution suits countervail the public policy that the law should encourage citizens to aid in the uncovering of wrongdoing the courts require strict compliance with the requisite elements.").

The Missouri Supreme Court requires that in order "to subject a person to liability for malicious prosecution, the proceedings must have been initiated primarily for a purpose *other than that of bringing an offender to justice*." *Sanders*, 682 S.W.2d at 814 (quoting Restatement (Second) of Torts § 668 (1965)) (emphasis added). See also *Copeland v. Wicks*, 468 S.W.3d 886, 890 (Mo. 2015). In order to support a cause of action for malicious prosecution legal malice or actual malice is required. *Sanders*, 682 S.W.2d at 808. "A plaintiff must establish that the defendant acted either with ill will toward the plaintiff or from any other improper motive." *Id*. *See Edwards*, 237 S.W.3d at 583 (finding that petition failed to state a claim for malicious prosecution against member of the Board of Chiropractic Examiners where petition failed to allege that board employee initiated or conducted her investigation with malicious intent).

### A. PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION FAILS BECAUSE PROBABLE CAUSE EXISTED FOR STOCKLEY'S PROSECUTION.

In Missouri the existence of probable cause negates actions for malicious prosecution. *Joseph*, 2012 U.S. Dist. LEXIS 67761 at *19 citing *Kurtz*, 245 F.3d at 757. Here, Plaintiff's claim for malicious prosecution fails because Plaintiff's pleadings clearly show that probable cause existed for Stockely's prosecution. First, Stockley acknowledges that he killed Smith with five shots from his service weapon. (Pl.'s Compl. ¶ 13). Second, the probable cause statement[3] states that shortly before the shooting, Stockley announces that he is "going to kill this

---

[3] As discussed in footnote 2, the probable cause statement is part of Plaintiff's pleading for all purposes, including the consideration of a a Rule 12(b)(6) motion to dismiss.  Fed. R. Civ. P. 10(c); *Kiesling*, 859 F.3d at 533.

10

motherfucker" (Doc. 15-1, p. 3). Third, the probable cause statement states that only Stockley's DNA, not Smith's, was present on the gun removed from Smith's automobile. (Doc. 15-1, ¶ 3). Stockley does not deny saying that he was going to "kill this motherfucker" minutes before shooting Smith. Nor does Plaintiff dispute his DNA was present on the gun found in Smith's car.

Stockley's announcement that he is going to "kill" Smith shortly before firing five shots at him alone is sufficient to establish probable cause for a murder prosecution. Moreover, the absence of Smith's DNA on the weapon recovered from Smith's vehicle tends to rebut Stockley's claim that Smith had been handling the weapon while in the parking lot of Church's Chicken. (Doc. 15, ¶¶ 10, 13).

Here, Plaintiff alleges that Deeken made an attestation to an "intentionally misleading statement of probable cause." (Doc. 15, ¶ 117). However, Plaintiff only identifies a single assertion that he alleges is a lie. Plaintiff claims the statement that Smith was "slowing to a stop" was false and was "intended to mislead" the judge who issued the arrest warrant into believing Smith was surrendering. (Doc. 15, ¶ 27(a)). However, Plaintiff's allegation that Smith's car allegedly "was not slowing to a stop" prior to Stockley getting out of his car and approaching Smith's vehicle is immaterial as to whether Stockley fired shots in self-defense. By Plaintiff's own account, more than 15 seconds elapsed between the time Stockley exited his vehicle and fired shots at Smith. (Doc. 15, ¶ 26(f)). Whether or not Smith's car was slowing to a stop prior to Stockley exiting his car has no bearing on whether Stockley's use of force was justified. Therefore, contrary to Plaintiff's conclusory assertions that Deeken prepared a "bogus" and "false and misleading" probable cause statement (see ¶¶ 27(b), 28, 116), Plaintiff fails to identify any particular statements in the probable cause statement that were both material and "false."

Moroever, Stockley's announcement that he was going to "kill" Smith shortly before actually doing so, along with the other facts contained in the probable cause statement, demonstrate that there clearly was probable cause to initiate a murder prosecution against Stockley. Plaintiff's malicious prosecution claim therefore must fail.

**B. PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION FAILS BECAUSE PLAINTIFF HAS NOT ADEQUATELY ALLEGED THAT DEEKEN WAS MOTIVATED BY MALICE AND IMPROPER MOTIVE.**

In order to demonstrate legal malice and state a claim for malicious prosecution Plaintiff is required to plead facts tending to show that Deeken had an illegitimate motive for the prosecution of Stockley, or that he knowingly acted with flagrant disregard for Stockley's rights so that an improper motive may be inferred. See *Cassady*, 167 F.3d at 1219 citing *Shaffer v. Sears, Roebuck & Co.*, 689 S.W.2d 683, 686 (Mo. App. 1985).

Here, however, Plaintiff has merely made the conclusory allegation that Deeken "disliked and Bore [sic] ill will toward Mr. Stockley." Doc. 15, ¶ 171. Stockley fails, however, to plead any facts tending to suggest that the prosecution of Stockley was actuated by malice or for a purpose "other than that of bringing an offender to justice." *Copeland*, 468 S.W.3d at 890.

To the contrary, as discussed in section IV(A) above, the facts alleged in Plaintiff's Complaint demonstrate that probable cause existed for the prosecution against Stockley. There are no facts pled that create a reasonable inference that Deeken participated in Stockley's prosecution with actual intent to cause him injury. *Twiehaus*, 706 S.W.2d at 447.

Probable cause existed for his prosecution, thus the allegation that Deeken "disliked" Stockley is immaterial and will not defeat a motion to dismiss. "In a malicious prosecution case, 'if the defendant's purpose [for prosecuting] is otherwise proper, the addition of the incidental

fact that he felt indignation or resentment toward the plaintiff will not make him liable.'" *Cassady*, 167 F.3d at 1220 citing *Sinopole v. Morris*, 743 S.W.2d 81, 85 (Mo. App. 1987).

To survive a Rule 12(b)(6) motion to dismiss Stockley is required to allege "facts—not mere legal conclusions—that, if true, would support the existence of the claimed torts." *Moses.com Securities v. Comprehensive Software Systems, Inc.*, 406 F.3d. 1052, 1062 (8th Cir. 2005) citing *Schaller Tel. Co. v. Golden Sky Systems*, 298 F.3d. 736, 740 (8th Cir. 2002). Plaintiff's "[t]hreadbare recitals" of the elements of a cause of action, supported by mere conclusory statements, fall short of the pleading standard set forth by the Supreme Court. *Iqbal*, 556 U.S. at 678 citing *Twombly*, 550 U.S. at 556.

Here, Plaintiff's allegations do not nudge his claims of malicious prosecution "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. He therefore fails to state a claim that is plausible on its face. *Id.*; *Iqbal*, 556 U.S. at 678. Count IV should be dismissed.

## C. DEEKEN IS PROTECTED BY OFFICIAL IMMUNITY BECAUSE PLAINTIFF HAS NOT SUFFICIENTLY ALLEGED THAT HE ACTED IN BAD FAITH OR WITH MALICE.

This Court should further dismiss Count IV because Deeken is protected by official immunity. "Under Missouri law, the doctrine of official immunity protects public officials from civil liability for injuries arising out of their discretionary acts or omissions performed in the exercise of their official duties." *McLean v. Gordon*, 548 F.3d 613, 617 (8th Cir. 2008). Discretionary acts require "the exercise of reason in the adaption of means to an end and discretion in determining how or whether an act should be done or pursued." *Rustici v. Weidemeyer*, 673 S.W.2d 762, 769 (Mo. 1984)(quoting *Jackson v. Wilson*, 581 S.W.2d 39, 43 (Mo. Ct. App. 1979)). "The investigation of a crime is a discretionary act, not a ministerial one."

13

*Reasonover v. St. Louis County, Mo*., 447 F.3d 569, 585 (8th Cir. 2006) citing *Beaver v. Gosney*, 825 S.W.2d 870, 874 (Mo. App. 1992).

Under the doctrine of official immunity, public officials acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions. *Kanagawa v. State*, 685 S.W.2d 831, 835 (Mo. banc 1985). However, official immunity does not apply to those discretionary acts done in bad faith or with malice. *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 446 (Mo. banc 1986). "A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another. An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others." *Twiehaus*, 706 S.W.2d at 447 (internal punctuation and quoted case omitted). "Bad faith, although not susceptible of concrete definition, embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." *Id*. (brackets and quoted case omitted).  "[B]ad faith or malice in this context ordinarily contains a requirement of actual intent to cause injury." *Id.*.

Here, as discussed above, Plaintiff has failed to allege facts that demonstrate that Deeken had a dishonest or fraudulent purpose for signing the probable cause statement. The only specific falsehood alleged by Stockley is Deeken's statement in the probable cause statement that Smith's car was "slowing to a stop" prior to Stockley instructing Bianchi to ram it with the police vehicle. See Doc. 15, ¶ 27(a). For reasons discussed above, however, this allegation is not material to determining probable cause because Stockley admits firing the shots that killed Smith shortly after his announcement that he was going to "kill this motherfucker."

14

Plaintiff's pleading also complains that Deeken "failed to" include certain allegedly exculpatory details in the probable cause statement. See generally ¶ 26(a)-(iv). However, Deeken's failure to include facts that Plaintiffs asserts were helpful to his defense is insufficient to raise an inference of malice. None of plaintiff's allegations support the inference that Deeken made these omissions with "dishonest purpose, moral obliquity, [or] conscious wrongdoing." *Twiehaus*, 706 S.W.2d at 447. Here, Plaintiff's allegations concerning Deeken's omissions in the probable cause statement amount to, at best, allegations of bad judgment. "Bad faith," however, "embraces more than bad judgment or negligence." *Id.* Thus, the mere allegation that Deeken "disliked" Stockley is insufficient as a matter of law to plead malice. In any event, Plaintiff's allegation that Deeken "disliked" Stockley is unsupported by factual allegations, and there are no facts tending to show that Deeken participated in Stockley's prosecution with an actual intent to cause him injury. *Twiehaus*, 706 S.W.2d at 447.

Consequently, plaintiff fails to state a claim for malicious prosecution. Plaintiff's Complaint on its face demonstrates that probable cause existed to initiate a murder prosecution against Stockley. Moreover, Deeken is protected by official immunity because Plaintiff alleges no facts warranting an inference that Deeken had an illegitimate motive for Stockley's prosecution. For these reasons, Plaintiff's claim of malicious prosecution against Deeken fails, and Count IV should be dismissed.

WHEREFORE, for all of the reasons set forth above, Deeken respectfully requests that this honorable Court grant his Motion to Dismiss and enter an order dismissing Plaintiff's claims against him with prejudice.

Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

/s/ Andrew D. Wheaton
Andrew D. Wheaton   #65269 MO
Erin K. McGowan # 64020 MO
Associate City Counselors
Attorneys for Deeken
City Hall, Room 314,
St. Louis, MO  63103
314.622.3361
FAX: 314.622.4956
wheatona@stlouis-mo.gov

**Certificate of Service**

I hereby certify that on August 16, 2018 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Andrew D. Wheaton