**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

JASON STOCKLEY,                      )
                                     )
           Plaintiff,                )
                                     )
    v.                               )         No. 4:18-CV-873 CAS
                                     )
JENNIFER JOYCE, et al.,              )
                                     )
          Defendants.               )

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant the City of St. Louis, Missouri's ("City")

Motion to Disqualify David Luce, Jason Turk, and Blitz, Bardgett & Deutsch, L.C., as Counsel for

Jennifer Joyce in Her Official Capacity. Defendant Joyce, through attorneys Luce and Turk,

responded to the Motion to Disqualify. Plaintiff did not file a response to the motion. The City did

not file a reply and the time to do so has passed, so the motion is ready for decision. For the

following reasons, the motion will be granted.

**Background**

Former St. Louis police officer Jason Stockley filed this action in June 2018, asserting

federal claims under 42 U.S.C. § 1983 and supplemental state law claims for defamation and

malicious prosecution. Named as defendants were Jennifer Marie Joyce, in her capacity as former

Circuit Attorney for the City of St. Louis, Missouri, and individually; and Lt. Kirk Deeken, in his

capacity as an officer of the St. Louis Police Department, and individually. (Doc. 1.) Count II of

the Complaint asserted a claim for "Violation of 42 U.S.C. § 1983 (*Monell*) Against City of St.

Louis and Joyce." (Doc. 1 at 38.) The City of St. Louis was not named as a defendant in the

Complaint, however.

Attorneys David H. Luce and Jason Turk filed entries of appearance for defendant "Jennifer M. Joyce in her individual capacity, and the Circuit Attorney's Office of the City of St. Louis, a/k/a Jennifer M. Joyce in her official capacity." (Docs. 4, 5.) Associate City Counselor Erin K. McGowan filed an entry of appearance on behalf of defendant "Kirk Deeken in his individual capacity and the City of St. Louis, pled as Kirk Deeken in his official capacity." (Doc. 9.) All defendants sought and obtained additional time to respond to the Complaint.

Before any responsive pleadings were filed, plaintiff filed a First Amended Complaint that among other things added the City of St. Louis, Missouri as a defendant.[1] Count II of the First Amended Complaint is a claim for "Violation of 42 U.S.C. § 1983 (*Monell*) Against City of St. Louis and Jennifer Joyce." (Doc. 15 at 33.) Count III is a claim for "Defamation Against Defendant Jennifer Joyce Individually and in her capacity as former Circuit Attorney of the City of St. Louis." (Doc. 15 at 36).

On August 16, 2018, attorneys Luce and Turk filed a motion to dismiss the First Amended Complaint on behalf of defendant Joyce individually, and in her official capacity as the former Circuit Attorney for the City of St. Louis. (Doc. 18.) On the same day, Associate City Counselors Andrew D. Wheaton and Erin K. McGowan entered their appearances on behalf of "the City of St. Louis, pled as Jennifer Joyce in her official capacity" (Docs. 20, 21), and filed the instant motion to disqualify attorneys Luce and Turk.

The City's motion to disqualify asserts that ambiguities in the Amended Complaint's language with respect to defendant Joyce in her capacity as former Circuit Attorney for the City of

---

[1]The caption of the First Amended Complaint contains an apparent typographical error, as it names "Jennifer Marie Joyce, in her [sic] the City of St. Louis, Missouri, and individually" as a defendant. Plaintiff has not sought leave of Court to correct this error.

St. Louis, and "ambiguities in the state of the law on official capacity damage suits," render it "somewhat unclear as to the identity of the real defendant against whom Plaintiff has brought his official capacity claim against Jennifer Joyce 'in her capacity as former Circuit Attorney for the City of St. Louis.'" (Doc. 23 at 2.) The City asserts that as a result, the "identity of the parties entitled to retain counsel for Jennifer Joyce in her official capacity is unclear." (Id.)

The City's Memorandum in Support describes the Amended Complaint's allegations concerning Joyce, and asserts that taken cumulatively they "strongly suggest that Plaintiff seeks to impose liability only upon the City of St. Louis, not upon the so-called 'Office of the Circuit Attorney.'" (Doc. 23 at 4.) The City states that because plaintiff seeks to impose liability upon the City, it has the right to choose its own counsel. The motion asks the Court to disqualify attorneys Luce and Turk from representing defendant Joyce in her official capacity, and to recognize the City Counselor as "counsel for the City of St. Louis, pled as Jennifer Joyce in her official capacity."

In response, attorneys Luce and Turk concur that the Amended Complaint is ambiguous as to the entity against which plaintiff's official capacity claim against Joyce is asserted. Attorneys Luce and Turk state they do not claim to represent the City, but were retained by the Office of the Circuit Attorney to represent its interests in the event it was being sued by plaintiff as a separate entity apart from the City.

**Discussion**

A claim against a public official in his or her official capacity is merely another way of pleading an action directly against the public entity itself. Hafer v. Melo, 502 U.S. 21, 25 (1991). As a result, it is clear that plaintiff's claims against Lt. Kirk Deeken in his official capacity are claims against the City of St. Louis, Deeken's employer. The City asserts that the identity of the

3

public entity defendant is more complex with respect to plaintiff's claims against Joyce in her

official capacity, because the Circuit Attorney of the City of St. Louis is a "county" official under

Missouri law, given the City's unique structure as both a county and a city. The City cites State ex

rel. Harvey v. Sheehan, 190 S.W. 864, 865-66 (Mo. 1916) (en banc) ("The circuit attorney in the city

of St. Louis performs the same functions as prosecuting attorneys in the counties[.] For general

purposes he is to the city of St. Louis what the prosecuting attorney is to a county."), and Article VI,

Section 31 of the Missouri Constitution (recognizing city of St. Louis as both a city and a county).

Rule 17(b) of the Federal Rules of Civil Procedure defines when a party has the capacity to

sue or be sued in federal court. "The capacity of an unincorporated unit of government is

determined, in most cases, 'by the law of the state where the court is located.' Rule 17(b)(3)."

Lundquist v. University of S. Dak. Sanford Sch. of Med., 705 F.3d 378, 380 (8th Cir. 2013). The

Court concludes that the Office of the Circuit Attorney lacks the capacity to sue and be sued under

Missouri law, and therefore cannot be sued in federal court. The Court further concludes that

plaintiff's Amended Complaint seeks to impose liability on the City for actions taken by Joyce in

her official capacity as former Circuit Attorney.

In Missouri, the rule is that "departments of a municipality cannot be sued unless statutory

authorization to sue and be sued has been given to the departments." Catlett v. Jefferson Cnty., 299

F.Supp.2d 967, 968-69 (E.D. Mo. 2004). The Missouri Supreme Court explained:

> The health department, water department, sewer department, or any other department
> or utility of a city, unless expressly made suable by statute, cannot be sued either on
> a contract or for a tort; and this for the reason that if liability exists, the city itself is
> the party liable, and not the particular department the conduct of which gave rise to
> the cause of action.

4

American Fire Alarm Co. v. Board of Police Comm'rs of Kansas City, 227 S.W. 114, 116 (Mo. 1920).

The Missouri legislature empowered the circuit attorney of the City of St. Louis to "manage and conduct all criminal cases, business and proceedings of which the circuit court of the city of St. Louis shall have jurisdiction" and "appear for the state in all misdemeanor cases appealed from the circuit court of the city of St. Louis to the court of appeals." Mo. Rev. Stat. § 56.450 (2010). In addition,

> If the St. Louis board of aldermen enacts an ordinance in accordance with the applicable provisions of the St. Louis city charter, the circuit attorney for the city of St. Louis may perform the following duties in addition to all other duties imposed by law:
>
> (1) Act as defense counsel or co-counsel for any elected county official of the city of St. Louis if that official is sued in connection with the performance of his office, under the provisions of Section 1983, Title 42, United States Code[.]
> . . . .

Mo. Rev. Stat. § 56.453 (2010). The legislature has not given the Office of the Circuit Attorney the power to sue or be sued on its own behalf.

The Missouri Supreme Court has stated that the circuit attorney of the City of St. Louis is the equivalent of a county's prosecuting attorney:

> We take judicial notice of the fact that the city of St. Louis is the only city or county (and for these purposes it is regarded as a county) that has a circuit attorney, the counties having what is styled a "prosecuting attorney." The circuit attorney in the city of St. Louis performs the same functions as prosecuting attorneys in the counties . . . . For general purposes he is to the city of St. Louis what the prosecuting attorney is to a county.

Harvey, 190 S.W. at 865-66.

This Court has held that a Missouri county prosecutor's office does not have the capacity to sue or be sued under state law, is an administrative arm of the county, and therefore is treated the

same as other non-suable entities "such as a county sheriff's department, city personnel department, or city water department."  Kaminsky v. State of Missouri, 2007 WL 2956404, at *2, 3 (E.D. Mo. Oct. 5, 2007).  The Court's reasoning in Kaminsky applies here.  The Office of the Circuit Attorney is the equivalent of a county prosecutor's office, does not have the power to sue or be sued, and is not a cognizable legal entity separate from the Circuit Attorney in her official capacity and the City government of which it is an agency.  As such, the Office of the Circuit Attorney is not a legal entity amenable to suit under 42 U.S.C. § 1983.  See, e.g., In re Scott Cnty. Master Docket, 672 F. Supp. 1152, 1163, n.1 (D. Minn. 1987) (county attorney's and sheriff's offices are not legal entities amenable to suit under § 1983), aff'd sub nom. Myers v. Scott Cnty., 868 F.2d 1017 (8th Cir. 1989); Hancock v. Washtenaw Cnty. Prosecutor's Office, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) (prosecutor's office not a legal entity amenable to suit under § 1983).

Consequently, the Court interprets the allegations in plaintiff's Amended Complaint against Jennifer Joyce in her official capacity as seeking to impose liability upon the City of St. Louis, and not upon the Office of the Circuit Attorney.  The City's motion to disqualify attorneys Luce and Turk from representing Jennifer Joyce in her official capacity will therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant City of St. Louis's Motion to Disqualify David Luce, Jason Turk, and Blitz, Bardgett & Deutsch, L.C., as Counsel for Jennifer Joyce in Her Official Capacity is **GRANTED**.  [Doc. 22]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall modify the docket sheet of this matter by entering defendant Jennifer Marie Joyce's name in the record as two separate filing parties: (1) Jennifer Marie Joyce in her individual capacity, and (2) Jennifer Marie Joyce in her

official capacity as former Circuit Attorney for the City of St. Louis, Missouri. Attorneys David H. Luce and Jason Turk of Blitz, Bardgett & Deutsch, L.C. remain counsel of record for defendant Joyce in her individual capacity, and Associate City Counselors Erin K. McGowan and Andrew D. Wheaton shall be entered as counsel of record for defendant Joyce in her official capacity.

**IT IS FURTHER ORDERED** that counsel for the Joyce defendants shall pay careful attention when filing any document in this matter to ensure that the appropriate Joyce filing party is selected.

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  10th  day of September, 2018.