**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASON STOCKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-873 CAS |
| | ) | |
| JENNIFER JOYCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on "Plaintiffs' [sic] Motion for Leave to File Memorandum in Opposition to Motion to Dismiss of Defendant Kirk Deeken Out of Time." The motion states that it is not filed with defendants' consent but will be unopposed. The motion seeks leave to file out of time plaintiff's memorandum in opposition to the motion to dismiss of defendant Deeken, and also plaintiff's corrected memorandum in opposition to the motion to dismiss of defendant City of St. Louis ("City"). Attached to the motion for leave are the proposed memoranda in opposition. The docket reflects that plaintiff previously filed these documents without leave of Court (see Docs. 43, 44), in violation of the Court's Administrative Procedures for Case Management/Electronic Case Filing (CM/ECF), Section II.B. For the following reasons, the motion for leave will be granted in part and denied in part.

The defendants filed separate motions to dismiss on August 16, 2018 (Doc. 18). Pursuant to Local Rule 4.01(B), plaintiff's oppositions were due seven days later on August 23, 2018. On August 29, 2018, plaintiff filed a consent motion for an extension of time to September 28, 2018 respond to the motions to dismiss (Doc. 35.) The motion was granted. (DTO 36.) On September 26, 2018, plaintiff filed a second consent motion seeking an extension of time to October 12, 2018

to respond to the motions to dismiss (Doc. 38).  The Court granted the motion but stated that no further extensions of time to respond would be granted.  (DTO 39.)

Plaintiff filed his oppositions to defendants Joyce and the City of St. Louis's motions to dismiss on October 12, 2018 (Docs. 41, 42).  On October 13, 2018, plaintiff filed a corrected memorandum in opposition to the City's motion to dismiss (Doc. 43).  This document requires leave of Court.  On October 14, 2018, plaintiff filed his untimely opposition to defendant Deeken's motion to dismiss (Doc. 44).  This document also requires leave of Court.

Plaintiff's motion for leave to file his corrected memorandum in opposition to the City's motion to dismiss will be granted.  The Clerk will be directed to delete from the record for filing error plaintiff's initial opposition memorandum (Doc. 42), and leave Document 43 in place as plaintiff's opposition to the City's motion to dismiss.[1]

Plaintiff's motion for leave fails to inform the Court that his memoranda in opposition to the motions to dismiss of defendants Deeken and Joyce in her individual capacity exceed the fifteen-page limitation of Local Rule 4.01(D), nor does plaintiff seek leave of Court to file in excess of that limitation.  The Local Rule's page limitation is routinely enforced because it is intended to require parties to focus and hone their arguments, omit unnecessary material, and emphasize the strongest points of their arguments.  The page limitation also protects the Court from a deluge of excessively long briefs, which would consume a disproportionate share of scarce judicial resources.

---

[1]The Court will not direct the Clerk of the Court to detach and docket the opposition memorandum that plaintiff submitted as Attachment 1 to the motion for leave, because it contains two overlapping CM/ECF headers.  If docketed again, the document's header would be completely illegible and cause further confusion in the record.  Plaintiff should have submitted a clean copy of his proposed opposition memorandum to the Court.

Nonetheless, the Court remains flexible in the application of the Rule in order to ensure that a party can adequately present its position.

The Court will not grant plaintiff leave to file the overlength opposition memoranda he submitted with respect to the Deeken and Joyce individual capacity motions to dismiss, as its review of these filings indicates they are unnecessarily long.  Defendant Deeken's memorandum in support of his motion to dismiss is fifteen pages long, exclusive of the signature page.  Plaintiff's opposition to the Deeken motion to dismiss must meet the fifteen page limitation as well.

The twenty-five page memorandum in support of defendant Joyce's motion to dismiss addressed the claims against Joyce both in her individual and official capacities (Doc. 31).  The Court subsequently held that plaintiff's claims against Joyce in her official capacity are claims against her former employer, the City, and therefore the City Counselor's Office has the right to defend the official-capacity claims against Joyce.  <u>See</u> Mem. and Order of Sept. 10, 2018 (Doc. 37). Those claims are addressed in the City's motion to dismiss.  Fewer than twenty pages of defendant Joyce's memorandum in support address the individual capacity claims.  The Court will grant plaintiff leave to file a twenty-page opposition to defendant Joyce's motion to dismiss the claims against her in her individual capacity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to File Memorandum in Opposition to Motion to Dismiss of Defendant Kirk Deeken Out of Time is **GRANTED in part** and **DENIED in part** as follows:  Plaintiff's motion for leave is **GRANTED** to the extent that plaintiff is granted leave to file out of time his corrected memorandum in opposition to the City of St. Louis's motion to dismiss.  The Clerk is directed to delete Document 42 from the record entirely for filing error, and leave in place the corrected opposition memorandum, Document 43. [Doc. 45] Plaintiff's

motion for leave is **DENIED** to the extent that plaintiff seeks leave to file his opposition out of time to defendant Deeken's motion to dismiss.  [Doc. 45]

**IT IS FURTHER ORDERED** that by **October 18, 2018**, plaintiff shall file his memorandum in opposition to defendant Deeken's motion to dismiss, not to exceed fifteen (15) pages.  No further extensions of time will be granted.

**IT IS FURTHER ORDERED** that by **October 18, 2018**, plaintiff shall file his memorandum in opposition to defendant Joyce's individual capacity motion to dismiss, not to exceed twenty (20) pages.  No further extensions of time will be granted.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall delete from the record entirely for filing error Documents 41 and 44, which were filed without leave of Court.  See Local Rule 4.01(B), (D).

**IT IS FURTHER ORDERED** that plaintiff shall provide the Court with a paper courtesy copy of each opposition memorandum as ultimately filed, as required by the undersigned's Judge's Requirements.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of October, 2018.

4